IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BARBARA FRYE and**
**JESSIE FRYE,**

        Plaintiffs,

**v.**                            **CIVIL ACTION NO: 3:13-CV-63**
                                        **(JUDGE GROH)**

**SOUTHERN LITHOPLATE, INC.;**
**SPECTRATECH INTERNATIONAL, INC.;**
**IMATION CORP.; IMATION ENTERPRISE**
**CORP.; 3M COMPANY; and SAM T. ADAMS,**

        Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

      Currently pending before the Court is the Plaintiffs' Motion to Remand [Doc. 16]

this case to the Circuit Court of Jefferson County, West Virginia, filed on July 3, 2013.

This motion is now ripe for decision as the parties have fully briefed it. Having reviewed

the Plaintiffs' motion and memoranda submitted with regard thereto, the Court

**GRANTS** the Plaintiffs' motion.

## I. BACKGROUND

      On February 1, 2013, the Plaintiffs filed a complaint in the Circuit Court of

Jefferson County, West Virginia, naming Southern Lithoplate, Inc., Spectratech

International, Inc., Imation Corp, Imation Enterprise Corp., 3M Company, and Sam T.

Adams as Defendants [Doc. 1-4]. Their complaint raises several common law claims

arising from allegations that the Defendants contaminated property owned by the

Plaintiffs in Jefferson County, West Virginia. *Id.* ¶¶ 1, 41-75.

On June 10, 2013, the Defendants timely removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) [Doc. 1]. In their Notice of Removal, they asserted, based on the complaint, that complete diversity of citizenship exists because the Plaintiffs are citizens of West Virginia while the Defendants are citizens of North Carolina (Spectratech International, Inc. and Southern Lithoplate, Inc.), Delaware (Imation Corp. and Imation Enterprises Corp.), and Virginia (Sam T. Adams). They contended that the following paragraph of the complaint so establishes the Plaintiffs' citizenship: "Plaintiffs Barbara and Jessie Frye are the owners of approximately 8 acres of real property located in Middleway, Jefferson County, West Virginia where they have lived for decades." ([Doc. 1-4] ¶ 1.) The Plaintiffs thereafter filed the instant Motion to Remand, arguing that this Court lacks diversity jurisdiction because they are Virginia citizens and therefore are not diverse from Defendant Adams.

## II. DISCUSSION

The Plaintiffs' citizenship will determine whether remand is necessary because, if both they and Defendant Adams are Virginia citizens, the Court will lack jurisdiction under § 1332(a).[1] *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The Plaintiffs argue that they are citizens of Virginia and have been since before filing this action. The Defendants maintain that the Plaintiffs are West Virginia citizens based on the complaint and Barbara Frye's West Virginia voter registration. For the reasons that follow, the Court agrees with the Plaintiffs.

---

[1] The parties do not dispute the Defendants' citizenship.

## A. Applicable Law

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). The party seeking removal has "[t]he burden of establishing federal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Courts strictly construe removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity of citizenship; the citizenship of each plaintiff must be diverse from the citizenship of *each and every* defendant. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Additionally, when considering a motion to remand, a court determines whether it has jurisdiction by "look[ing] at the case as of the time it was filed in state court." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998).

An individual is a citizen of the state in which she is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). "Domicile requires physical presence, coupled with an intent to make the State a home." *Id.* Residence and

domicile are distinct concepts; an individual can reside in one state but be domiciled elsewhere. ***Miss. Band of Choctaw Indians v. Holyfield***, 490 U.S. 30, 48 (1989). Thus, in and of itself, an allegation of residency does not establish citizenship in a state. ***Johnson***, 549 F.3d at 937 n.2; *see also* ***Axel Johnson, Inc. v. Carroll Carolina Oil Co.***, 145 F.3d 660, 663 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile.").

Courts determine domicile on a case by case basis, considering all of the circumstances surrounding an individual's situation. 13E CHARLES ALAN WRIGHT EL AL., FEDERAL PRACTICE AND PROCEDURE § 3612 (3d ed. 2013). They may consider the following factors in doing so: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." *Id.*; *see also* ***Ronald Lane, Inc. v. Antero Res. Appalachian Corp.***, No. 1:10CV137, 2011 WL 3102116, at *4 (N.D. W. Va. July 25, 2011). No one of these factors is dispositive. WRIGHT EL AL., *supra*, § 3612.

### B. Analysis

Initially, the Court disagrees with the Defendants that the Plaintiffs admitted that they are citizens of West Virginia in their complaint. The complaint avers only the Plaintiffs' residency–that they own "approximately 8 acres of real property located in Middleway, Jefferson County, West Virginia where they have lived for decades." ([Doc. 1-4] ¶ 1.) Mere residency in West Virginia does not amount to citizenship there. ***Johnson***, 549 F.3d at 937 n.2; *see also* ***Axel Johnson, Inc.***, 145 F.3d at 663.

4

The Plaintiffs' current residence weighs in favor of finding domicile in Virginia. *See* WRIGHT EL AL., *supra*, § 3612. In July 2012, seven months before filing this action, the Plaintiffs moved from West Virginia to Virginia where they have resided ever since. ([Doc. 16-1] ¶ 3); [Doc. 16-3]; [Doc. 21-2]. Thus, the Plaintiffs' residence in Virginia when filing the complaint and continual presence there weigh in favor of finding that they are domiciled there.

Although the Plaintiffs' continued ownership of the West Virginia property that is the subject of this action weighs against finding domicile in Virginia, this factor is weakened by evidence showing that the Plaintiffs have not visited or otherwise associated themselves with this property since moving. For example, since before filing the complaint, the Plaintiffs have used only a Virginia postal address and a Virginia phone number. ([Doc. 16-1] ¶¶ 5-6.) The fact that they maintain bank accounts only in Virginia and have Virginia Identification Cards further shows that they formed the necessary intent to make Virginia their home. ([Doc. 16-1] ¶¶ 7, 10.); [Doc. 16-2]; *see also* WRIGHT EL AL., *supra*, § 3612. Accordingly, while the Plaintiffs continue to own property in West Virginia, their actions demonstrate that they do not intend to return there. *Compare* **Vandevander v. Jimenez**, No. 3:11-CV-85, 2011 U.S. Dist. LEXIS 139904, at *7-9, *15-16 (N.D. W. Va. Dec. 5, 2011) (finding an individual who owned property in West Virginia and Maryland domiciled in West Virginia where he continually used the West Virginia property's address and home phone number).

Additionally, while Mrs. Frye is registered to vote in West Virginia, her voting practices diminish the weight that this evidence has toward finding her domiciled there. She has not voted in West Virginia since the November 4, 2008 General

Election—nearly five years ago [Doc. 21-1]. Thus, the fact that Mrs. Frey last exercised her right to vote in West Virginia well before moving to Virginia therefore is consistent with the Plaintiffs' position that they do not intend to return to West Virginia.[1]

In light of all of these circumstances, the Court finds that the Plaintiffs are domiciled in Virginia, which necessitates remand.[2] The Plaintiffs' consistent residency in Virginia since before filing complaint, Virginia bank accounts, Virginia identification cards, and absence of a recent voting history in West Virginia show that they not only resided in Virginia when initiating this action, but intended to make it their home. *See Johnson*, 549 F.3d at 937 n.2; WRIGHT ET AL., *supra*, § 3612. Their ownership of the allegedly contaminated West Virginia property is not a significant factor as the Plaintiffs' actions demonstrate that they do not intend to return there (e.g., they no longer use the property's address). *Compare Vandevander*, 2011 U.S. Dist. LEXIS 139904, at *7-9, *15-16. The evidence therefore establishes that the Plaintiffs are domiciled in Virginia and are Virginia citizens for diversity purposes. *See Johnson*, 549 F.3d at 937 n.2. Accordingly, because both the Plaintiffs and Defendant Adams are Virginia citizens, complete diversity of citizenship does not exist and the Court lacks subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332(a); *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

---

[1] Even if Mrs. Frye's voter registration weighed more heavily in favor of finding her domiciled in West Virginia, such weight would not impact the domicile analysis as to Mr. Frye whose domicile alone can destroy diversity.

[2] Because the Plaintiffs are retired and do not file tax returns due to their income level, the employment and payment of taxes factors do not impact the Court's analysis. ([Doc. 16-1] ¶ 9.)

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiffs' Motion to Remand should be, and hereby is, **GRANTED**. Accordingly, the Court **REMANDS** this case to the Circuit Court of Jefferson County, West Virginia.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Circuit Court of Jefferson County, West Virginia.

It is so **ORDERED**.

**DATED:** December 3, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE